| | |
|---|---|
| AMANDA DAVIS,<br>On Behalf of Herself and<br>All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>**MERITAS HEALTH CORPORATION**<br>Registered<br>Agent: Peggy F. Schmitt<br>      2800 Clay Edwards Dr.<br>      North Kansas City, MO 64116<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
Collective Action Under the FLSA and Wage-Related
Class Claims Pursuant to Fed. R. Civ. P. 23

**COMES NOW** the Plaintiff, Amanda Davis, on behalf of herself and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and Missouri Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against Defendant Meritas Health Corporation, ("Meritas" or "Defendant") for unpaid overtime compensation and related penalties and damages. Meritas is a not-for-profit corporation, incorporated in 1993 by the Board of Trustees of North Kansas City Hospital. Its corporate purpose is to be operated exclusively for the benefit of, to perform the functions of, and to carry out the 118 purposes of the Board of Trustees of North Kansas City Hospital. Defendant's practice and policy is to willfully fail and refuse to

1

2. properly pay straight time and overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked at Defendant's locations in Missouri and throughout the United States.

2. Defendant has maintained a policy by which non-exempt employees were automatically deducted for meal periods, notwithstanding the fact that employees rarely were afforded a bona fide, uninterrupted meal period within the meaning of the FLSA. Further, Defendant has maintained a policy by which it impermissibly rounds employees' time to the nearest 15 minute interval, while at the same time maintaining a discipline policy that prohibits employees from arriving at work tardy. Doing so denies such persons compensation for all work performed and overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Missouri law.

3. Defendant's practices are in direct violation of the FLSA and and Missouri law and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## **PARTIES**

4. Plaintiff Amanda Davis currently resides in Clay County, Missouri.

5. Plaintiff was employed by the Defendant in North Kansas City, Missouri from approximately through approximately March, 2014. Plaintiff was an hourly, non-exempt employee.

6. Defendant operates a hospital in North Kansas City, Missouri. Defendant

maintains a corporate office located at 2800 Clay Edwards Dr. North Kansas City, MO 64116. Defendant is a Missouri not-for-profit corporation registered and in good standing to do business in the state of Missouri.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business within this District.

9. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

11. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has or had employed "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Plaintiff and other putative plaintiffs were

engaged in commerce and/or worked for Defendant, which was an enterprise engaged in commerce. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

12. Plaintiff was hourly, non-exempt employee.

13. Plaintiff and other hourly, non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

14. Plaintiff and other hourly, non-exempt employees were frequently interrupted from their bona fide meal periods, and in many instances, were unable to have a meal period at all. Defendant failed to, and continues to fail to, compensate employees for this time.

15. Further, Defendant has at all relevant times, maintained a practice of rounding employees time to the nearest 15 minute interval, while at the same time, maintaining a discipline policy that allows it to discipline employees for tardiness.

16. Defendant's unlawful policy causes Plaintiff to work in excess of forty (40) hours per week.

17. Plaintiff was not properly compensated for this work at the applicable rate of pay.

18. The Defendant employs/employed other employees, who, like the Plaintiff, are/were required to perform the same or similar work in excess of forty (40) hours per week.

19. Plaintiff and other hourly, non-exempt employees were improperly compensated under the FLSA and the Missouri wage statutes. All such employees are hereby

referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

20. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

21. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

22. All similarly situated employees working for Defendant are similarly situated in that they all are subject to Defendant's same compensation and timekeeping policies that deny Plaintiffs compensation for all hours worked in a workweek, including overtime compensation for hours worked in excess of forty (40) hours per week.

23. The quantum meruit claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a class action consisting of all current and former hourly employees who were required to perform work without proper compensation and who have worked for Defendant at any time during the last five years. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the class for all hours worked and overtime wages.

24. The unjust enrichment claims are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a class action consisting of all current and former hourly employees who were required to perform work without proper

compensation and who have worked for Defendant at any time during the last five years. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the class for all hours worked and overtime wages.

25. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendant under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action consisting of all current and former hourly employees who were required to perform work without compensation and who have worked for Defendant as a Missouri employee at any time during the last three years. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's failure to pay the class for all hours worked and overtime wages.

26. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practices of requiring unrecorded work without pay, as well as failing to pay Plaintiff and other similarly situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former hourly, non-exempt personnel of Defendant who performed work without proper compensation at any time during the last three years.

27. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

28. Plaintiff's consent to join form is attached as Exhibit A.

29. Plaintiff, individually and on behalf of other similarly situated employees, seeks

relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record hours worked for Plaintiff and other similarly situated employees and failing to pay Plaintiff and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

30. Count III (Mo. Rev. Stat. § 290.500, *et seq.*) is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring unrecorded and unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Missouri Wage Rule 23 class is defined as:

> All current and former personnel who performed work without proper compensation during the past five years.

31. Plaintiff brings Count II (unjust enrichment), Count IV (*Quantum Meruit*), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of requiring unrecorded and unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Rule 23 classes are defined as:

> All current and former hourly personnel who were

7

employed by the Defendant at any time during the last five years and who performed work without proper compensation.

32. Plaintiff's state law claims against Defendant satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

33. The class satisfies the numerosity standards as it is believed to number over one-hundred. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

34. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether class members were compensated for time spent performing work-related tasks;

   b. Whether Defendant's compensation policies and practices properly (if at all) account for the time class members were actually working;

   c. Whether Defendant's pay practices violate the FLSA;

   d. Whether such violations were willful;

   e. Whether an employer may lawfully implement a rounding policy when due to company regulations, the rounding policy favors the employer;

   f. Whether Defendant knew or had reason to know such policies and compensation practices were unlawful, and

   g. Whether Defendant retained a benefit for such unlawful policies and

8

compensation practices.

36. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

36. The claims of Plaintiff are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representative and were subject to the same or similar unlawful practices as the Class Representative.

37. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

38. The Class Representative is an adequate representative of the class because her interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who has experience in employment and class action lawsuits.

39. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single

9

class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – FLSA CLAIM

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41. Plaintiff was employed by the Defendant at the Defendant's hospital in North Kansas City, Missouri.

42. At this site, Plaintiff performed work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job, and/or was clocked out for meal periods, notwithstanding the fact that she was unable to have an uninterrupted meal period.

43. Said work often caused Plaintiff to work in excess of forty (40) hours per week.

44. Plaintiff was not properly compensated for this work at the applicable rate of pay.

45. Plaintiff was treated as a non-exempt employee by the Defendant under the FSLA.

46. Defendant employs/employed other employees, like Plaintiff, who are/were perform(ed) work both before and after her work shift as an integral and indispensable part of the principle activities of performing their job, and/or were clocked out for meal periods, notwithstanding the fact that they were unable to have an uninterrupted meal period. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

47. Said unpaid work often caused those "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

10
Case 4:14-cv-00625-ODS   Document 1   Filed 07/16/14   Page 10 of 18

48. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

49. All similarly situated employees working for Defendant are similarly situated in that they all are required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing their job, and/or were clocked out for meal periods, notwithstanding the fact that they were unable to have an uninterrupted meal period.

50. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing their job, and/or were clocked out for meal periods, notwithstanding the fact that they were unable to have an uninterrupted meal period. In turn, this denies similarly situated employees their overtime compensation.

51. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires Plaintiff and those similarly situated to perform work without proper compensation.

52. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated at one and one-half

11

times the regular rate of pay for all services performed in excess of forty hours per week.

53. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because his claims are similar to the claims of the putative representative action Plaintiffs.

54. The names and addresses of the putative representative action Plaintiffs are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

55. Defendant failed to compensate Plaintiff and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

56. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

57. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative representative action Plaintiffs, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems

just and proper.

58. The Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose putative representative action plaintiffs, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative representative action Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Davis as Representative Plaintiff of the putative representative action plaintiffs;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An award of damages for overtime compensation due to the Plaintiff and the putative representative action Plaintiffs, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein including expert fees;

g. Reasonable attorneys' fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

  i.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT

59. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

60. Defendant has been enriched through making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant was enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

61. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

62. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

  **WHEREFORE**, Plaintiff prays for judgment against Defendant on Count II of the Complaint; for notice to be sent to a class of similarly situated employees; for an award of restitution; pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT III - FAILURE TO PAY EARNED WAGES AND OVERTIME
### (Mo. Rev. Stat. § 290.500, *et seq*.)

63. Plaintiff realleges and incorporates by reference each and every averment of this

Complaint as though fully set forth therein.

64. At all times material herein, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq.*

65. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

66. Defendant is subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because it is an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and other similarly situated employees of Defendant are employees under Mo. Rev. Stat. § 290.500(3).

67. Defendant violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendant willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

68. Plaintiff and all similarly situated employees are victims of an unlawful and entity-wide compensation policy. Defendant continues to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

69. Plaintiff and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time worked and for overtime premium pay within the two years preceding the filing of this

Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

70. Defendant acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. § 290.505.

71. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendant from Plaintiff and other similarly situated employees for which Defendant is liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff, and all similarly situated employees, demand judgment against Defendant and pray for: for notice to be sent to a class of similarly situated employees; compensatory damages; liquidated damages; attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

### COUNT IV – *QUANTUM MERUIT*

72. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

73. At Defendant's request, Plaintiff and other similarly situated employees provided services in the form of work for Defendant. These services had reasonable value and were performed at an hourly rate.

74. Plaintiff and other similarly situated employees regularly would work off the clock before work and after work without being compensated for this time.

75. Defendant failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count IV of the Complaint; for notice to be sent to a class of similarly situated employees; for an award of restitution and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

Respectfully submitted,

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
    Michael Hodgson    MO Bar No. 63677
    *mike@thehodgsonlawfirm.com*

6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529

And

**WILLIAMS DIRKS DAMERON, LLC**

By: */s/ Eric L. Dirks*
    Eric L. Dirks, MO Bar No. 54921
    1100 Main Street, Suite 2600

Kansas City, MO 64105
dirks@williamsdirks.com
mwilliams@williamsdirks.com
Tel: (816) 876-2600
Fax: (816) 221-8763

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**