IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMANDA DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-0625-CV-W-ODS |
| THE BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

Plaintiff's suit alleges she and other similarly situated employees were not paid overtime as required by the Fair Labor Standards Act ("FLSA"). More specifically, the suit alleges Defendant's policy of rounding the time an employee clocks in to the nearest quarter hour combined with Defendant's policy regarding discipline for employees who clocked in late in a manner that causes employees to work more than forty hours a week, but no overtime is paid.[1]

She now seeks conditional certification of a collective action pursuant to 29 U.S.C. § 216(b), which would allow other employees and former employees to opt into this suit and have their similar claims litigated together. Little analysis is required because Defendant agrees to conditional certification.[2] Accordingly, the motion (Doc. #

---

[1] The Second Amended Complaint also alleges "Defendant has maintained a policy . . . by which non-exempt employees were automatically deducted for meal periods, notwithstanding the fact that employees rarely were afforded bona fide, uninterrupted meal period within the meaning of the FLSA." Second Amended Complaint ¶ 2. Plaintiff's motion does not seek certification of a collective action with respect to this policy, and the time for doing so has passed. See Doc. # 19, ¶ 4. Similarly, the deadline for seeking certification under Rule 23 has passed. Id.

[2] "[I]n recognition of the lenient standard by which motions to conditionally certify FLSA collective actions at this stage are evaluated, and in the spirit of judicial efficiency, [Defendant] consents to conditional certification of the FLSA rounding claim for notice purposes." Doc. # 68 at 8.

60) is granted, and the Court conditionally certifies a collective action on behalf of all current and formerly hourly, non-exempt personnel who performed work in the Nursing, Radiology, Respiratory Therapy, Case Management and Operations Departments in the past three years and thirty days.[3]

The only issues in dispute relate to the manner and the content of the notice. Matters related to communication with members of the collective action, including the method and content of such communications, are generally left to the trial court's discretion. Hoffmannn-La Roche Inc. v. Sperling, 493 U.S. 165, 170-73 (1989). The parties have marshalled many cases favoring their respective positions, but none of them are binding. Few of them are even helpful because most depend on the particulars of the case at hand; what is appropriate in one case is not necessarily appropriate in another, and the benefits of exploring the particulars of each and every factual scenario represented by the many cases cited by the parties will not provide much illumination. Both sides also present cases where district judges have analyzed particular words and phrases, but knowing that one judge preferred one word or phrase while a different judge preferred another does not add a lot to the parties' arguments. Instead, the Court elects to simply resolve the parties' points of disagreement in the manner the Court believes is appropriate given the particulars of this case.

The first area of disagreement relates to the manner of distributing the notice. The Court is of the view that the notice procedure is intended to alert as many affected employees and former employees as possible about the existence of this suit and their rights related to it. With that in mind, the Court approves Plaintiff's plan to deliver notice via first class mail to all potential class members, and directs Defendant to provide the information necessary to accomplish this task. The Court also approves Plaintiff's plan

---

[3] An individual opting into a collective action is deemed to have commenced his or her action under the FLSA upon the filing of the consent to opt in. 29 U.S.C. § 256(b). Thus, a person must opt in within two years (three years if the violation is willful), and damages may be recovered only for the preceding two (or three) years. In exchange for Plaintiff's agreement to an extension of time to brief issues related to certification, Defendant agreed to extend/toll the limitation period for thirty days. Defendant subsequently asked the Court to clarify its order discussing this agreement; the motion (Doc. # 67) is granted, and the discussion in the text reflects the parties' agreement.

2

to provide a reminder via e-mail thirty days before the end of the opt-in period. The Court does not agree that a reminder is coercive or otherwise suggests the Court's approval of the suit; having concluded there is no harm in issuing a reminder, the Court discerns no reason to wait to evaluate the effectiveness of the initial notice. The reminder shall be disseminated by e-mail. Reminders will be sent to current employees through their work e-mail address and to former employees at their personal e-mail address. The Court rejects Defendant's objections to the use of employees' work e-mail address; the Court does not believe sending the notice through the e-mail will disrupt patient care or that employees will spend inordinate amount of time talking about the lawsuit simply because the reminder is sent via e-mail. Certainly, this risk exists, but it exists because the suit exists. After all, it is intended that all employees learn of the suit. Some may learn of it from the initial notice mailed to them; others may learn of it from the notices posted in the workplace (as discussed below). The fact that some may learn of it through an e-mail received at work will not increase the risk of disruption.

The notice will be posted in the workplace. The parties agree that it should be posted in the break rooms in the five departments affected by this suit. The Court agrees that in light of the other methods of notice (including the reminder) there is no need to post the notice in the lunch room, at time clocks or near where Defendant posts job openings.

With respect to the notice's content, the Court deems it expedient to simply amend the notice to reflect the Court's resolution of the parties' arguments regarding wording, typeface and font size. The notice approved by the Court is attached as an Exhibit to this Order.[4] The parties are advised the Court has made several changes that were not sought by other party in order to make the Notice more understandable to the recipients.

The parties will have to insert the appropriate information in the highlighted blanks. They are also free to adjust line spacing as needed to keep paragraphs together and to make any other changes to which they agree.

---

[4]A copy of the Court's approved Notice will be e-mailed to counsel contemporaneous with the filing of this Order.

A few specific issues regarding content need to be addressed. First, Plaintiff's proposal describes the suit as one seeking both straight time and overtime. Defendant opposes this language, arguing that the FLSA does not permit recovery of straight time. The Court deems this to be an issue related to the merits, which means it is not an issue to be resolved at this juncture. Even if Defendant is correct, the issue should be resolved on behalf of the class as a whole. Second, Defendant believes the Notice should supply recipients with contact information for a representative of Defendant. Defendant seems to anticipate Plaintiff would object to having counsel serve as that contact person and suggests that two individuals from the Human Relations Department be identified as contacts. However, Plaintiff "consent[s] to providing the name of Defendant's Counsel, John Vering." Doc. # 69 at 7. Thus, Plaintiff not only agrees that a provision for contacting Defendant's representative is appropriate, but also agrees to Defendant's apparent first preference as to who the representative should be. There is not really anything for the Court to decide; by apparent agreement of the parties, a section should be added that provides Defendant's counsel's contact information.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 21, 2015 UNITED STATES DISTRICT COURT