**EXHIBIT "1"**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Amanda Davis ("Plaintiff" or "Named Plaintiff"), as representative of the collective class claims asserted under §216(b) of the Fair Labor Standards Act ("FLSA"), represented by Michael Hodgson of The Hodgson Law Firm, LLC, and Eric Dirks of Williams Dirks Dameron LLC; and The Board of Trustees of North Kansas City Hospital ("Defendant"), represented by its attorneys John A. Vering, Shannon Cohorst Johnson and James Maggard of Seigfreid Bingham, P.C.

WHEREAS, on July 24, 2014, the Named Plaintiff filed an Amended Complaint (Doc. 3) against Defendant in the United States District Court for the Western District of Missouri, captioned *Amanda Davis, et. al. v. The Board of Trustees of North Kansas City Hospital,* Case No. 14-CV-00625-ODS (the "Litigation"), alleging, among other things, that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et. seq.*, the Missouri Minimum Wage Act, Mo. Rev. Stat. § 290.500 *et seq.*, and also asserting claims of unjust enrichment and quantum meruit against Defendant for allegedly failing and refusing to pay wages and overtime required by the FLSA and Missouri law for work allegedly performed before and after work shifts and during lunch, and alleging that the methods used by Defendant to round time recorded in Defendant's timekeeping and payroll systems failed to compensate for all hours allegedly worked; and

WHEREAS, on March 2, 2015, the Court dismissed Count III of the Amended Complaint (alleged Violation of Missouri Minimum Wage Law), and dismissed Count II (alleged Unjust Enrichment) and Count IV (alleged Quantum Meruit) to the extent that they sought damages for more than two years before suit was filed (Doc. 45); and

WHEREAS, on March 23, 2015, the Plaintiff filed a Second Amended Complaint in the Litigation (Doc. 54) alleging, among other things, that Defendant violated the FLSA, 29 U.S.C.

1

§§ 201 *et. seq.*, and also asserting claims of money had and received against Defendant for allegedly failing and refusing to pay wages and overtime required by the FLSA and Missouri law for work allegedly performed before and after work shifts and during lunch, and alleging that the methods used by Defendant to round time recorded in Defendant's timekeeping and payroll systems, when coupled with Defendant's tardiness policies in certain departments, failed to compensate for all hours allegedly worked (the "Rounding Claims"); and

WHEREAS, the Defendant denies that it owes unpaid wages or overtime compensation to Named Plaintiff or any other person and denies that it has violated the FLSA, or any other law, rule or regulation or common law claim relating to the payment of compensation, and maintains that Defendant has at all times properly compensated the Named Plaintiff and all other employees for all hours actually worked; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continuing the Litigation, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement; and

WHEREAS, on July 21, 2015, the Court conditionally certified a collective class on the Rounding Claims (Doc. 70), and thereafter Court-approved notice of the opportunity to consent to join the Litigation was issued to the persons eligible to join the collective action, and 175 individuals (not counting the Named Plaintiff) consented to join this Litigation, but that number was subsequently reduced to 168 opt-in plaintiffs because some of the opt-in plaintiffs' claims withdrew their consents to join the Litigation, and those 168 individual opt-in plaintiffs (not counting the Named Plaintiff) are referred to herein as the "FLSA Collective Class Members"; and

1077851v1

WHEREAS, the Named Plaintiff and Defendant have exchanged extensive factual disclosures, conducted significant written discovery, and produced a large amount of documents and other information, including time keeping and payroll records of the Named Plaintiff and FLSA Collective Class Members for the FLSA Covered Period, and such discovery, information exchanges, and two mediation sessions have enabled each party to understand and assess the detail and substance of their respective claims and defenses; and

WHEREAS the Parties recognize that the outcome of the Litigation is uncertain and achieving a final result through litigation and appeal requires additional risk, discovery, time and expense; and

WHEREAS, the Parties desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve and dismiss with prejudice this dispute, including all claims in the Litigation, the Named Plaintiff's individual claims, and the Rounding Claims of FLSA Collective Class Members who chose to participate in this Litigation.

## I.    **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its exhibits, including the FLSA Notice and the FLSA Opt-In Settlement Consent Form.

1.1    "Class Counsel" means The Hodgson Law Firm, LLC and Williams Dirks Dameron LLC.

1.2    "FLSA Approval Date" means the date the court enters the Order Granting Approval of FLSA Settlement.

1.3    "FLSA Approval Order" means the Order Granting Approval of Settlement; a copy of a proposed order is attached hereto as Exhibit A.

1.4 "FLSA Collective Class Members" are defined as all individuals who consented to join the Litigation, except for opt-in plaintiffs who have previously withdrawn their consents to join the Litigation; a list of the FLSA Collective Class Members is included on the settlement payment distribution list attached hereto as Exhibit B.

1.5 "FLSA Covered Period" means: (a) for Amanda Davis, Brooke Hill, and Belinda Miller, the period from July 16, 2011 to the FLSA Approval Date; and (b) for the remaining FLSA Collective Class Members, the period from July 28, 2012 to the FLSA Approval Date.

1.6 "FLSA Released Claims" means any and all Rounding Claims, including but not limited to all wage and hour, wage payment, and/or overtime claims, damages, causes of action, or remedies of any kind or nature, which a FLSA Collective Class Member or the Named Plaintiff may have against any of the Released Parties, whether based on statute, regulation, ordinance or common law, whether known or unknown, either direct or indirect, special, punitive, consequential, and whether contingent, liquidated, or unliquidated, resulting from or relating to any rounding of time recorded in Defendant's payroll and/or timekeeping systems during the FLSA Covered Period under federal, state and/or local law, statute, ordinance, or regulation, including but not limited to the FLSA, state wage payment laws including the Missouri Minimum Wage Act, Mo. Rev. Stat. § 290.500 *et seq.* and/or claims under common law including but not limited to claims for breach of contract, unjust enrichment, quantum meruit and/or money had and received for the FLSA Covered Period and for any time periods prior to the FLSA Covered Period. FLSA Released Claims do include wage and hour, wage payment, overtime claims, and other claims asserted in the Amended Complaint and Second Amended Complaint of the named plaintiff Amanda Davis only including but not limited to claims for alleged unpaid lunch breaks, but do not include potential claims of the FLSA Collective Class Members for any alleged unpaid lunch breaks or non-rounding claims. FLSA Released Claims include claims for unpaid wages, unpaid overtime, minimum wages, premium pay, straight time pay, gap pay, liquidated damages, and damages for alleged willful violations of federal, state and local laws, statutes, ordinances, regulations and common law, pre-judgment and post-judgment

4

interest, reasonable attorneys' fees and costs and expenses of this action and injunctive and declaratory relief. However, FLSA Released Claims do not include claims not brought in the Litigation.

1.7 "FLSA Settlement Fund" means the total amount of the settlement available to be claimed by: (i) FLSA Collective Class Members, (ii) Class Counsel for fees and expenses regarding the FLSA Released Claims, and (iii) payment made to the Named Plaintiff under section 3.5 of $50.00. In this matter, the FLSA Settlement Fund amount is thirty-three thousand and five hundred dollars ($33,500.00).

1.8 "FLSA Net Settlement Fund" means the FLSA Settlement Fund minus the amounts paid for attorneys' fees, costs and expenses. The FLSA Net Settlement Fund is fifteen thousand and four hundred ninety dollars ($15,490).

1.9 "Parties" means and includes the Named Plaintiff Amanda Davis, the FLSA Collective Class Members, and Defendant the Board of Trustees of North Kansas City Hospital.

1.10 "Released Parties" means the Board of Trustees of North Kansas City Hospital, North Kansas City Hospital, and the City of North Kansas City, Missouri, and all of their current and former subsidiaries and affiliated entities, officers, officials, board members, directors, agents, employees, representatives, consultants, and attorneys and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation.

1.11 "Settlement" means this Settlement Agreement and Release and the terms outlined therein.

## II.  RECITALS

2.1 Class Counsel conducted a thorough investigation into the facts of the Litigation, including the discovery of documents concerning employment policies and procedures related to the allegations of the Named Plaintiff on behalf of the FLSA Collective Class Members, and diligently pursued an investigation of the Named Plaintiff's and FLSA Collective Class Members' claims against Defendant. Based on their investigation and evaluation, the Named

5

Plaintiff and Class Counsel are of the opinion that the amounts set forth in the FLSA Settlement Fund and Exhibit B hereto and the terms set forth in this Settlement are fair, reasonable, and adequate and in the best interest of the Named Plaintiff and the FLSA Collective Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential appellate issues.

2.2   It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Litigation which exist between them.   Other than payment of the amounts set forth in the FLSA Settlement Fund, or other amounts expressly specified in this Agreement, Defendant and the Released Parties shall have no further financial obligation with respect to the FLSA Released Claims and the Litigation.

2.3   It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all FLSA Released Claims against all Released Parties.

2.4   Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Litigation and specifically denies that its rounding or lunch break policies violate the FLSA or any other state law, common law, statute, ordinance or contract.

2.5   This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties.   The Parties further acknowledge and agree that neither this Agreement nor the Settlement shall be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity.   Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Settlement, shall constitute evidence with respect to any issue or dispute, including without limitation the propriety of collective class treatment, in any litigation, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

6

## III.    ALLOCATION AND PAYMENT OF THE SETTLEMENT FUNDS

3.1    Within twenty (20) days of the FLSA Approval Order, Defendant shall remit settlement payments in the manner specified in sections 3.2 through 3.6 below.

3.2    Each FLSA Collective Class Member shall be paid his or her apportionment of the FLSA Net Settlement Fund, based on the amount of his or her estimated potential damages as set forth in Exhibit B hereto during the three years prior to the filing of the Complaint for Amanda Davis, Brooke Hill and Belinda Miller, and during the three year and 30 day period prior to the date of filing of the remaining FLSA Collective Class Members' respective consents to join the Litigation, during which each FLSA Collective Class Member was employed in a covered position during the FLSA Covered Period. The amounts set forth on Exhibit B have been calculated based on an analysis of the Defendant's payroll and time records and other discovery and investigation and legal research and take into account overtime pay rates and hours of estimated potential unpaid overtime, have been reviewed by Class Counsel, and after all appropriate due diligence, the Parties agree that the amounts on Exhibit B are fair and reasonable and shall be final and binding in terms of making distributions from the FLSA Settlement Fund to the Named Plaintiff and the FLSA Collective Class Members.

3.3    The Parties agree that fifty percent (50%) of the payment made to the Named Plaintiff and each FLSA Collective Class Member shall be classified as wages, which shall be subject to all applicable deductions and withholding, and for which a Form W-2 shall issue; and fifty percent (50%) of the payment shall be classified as liquidated damages, for which a tax form 1099 shall issue, reflecting the payment as miscellaneous income in box 3. Defendant will calculate, and be responsible for, the employer's share of payroll taxes, and all related tax reporting.  For purposes of tax withholding, Defendant will use the last form W-4 on file with Defendant for each FLSA Collective Class Member and the Named Plaintiff.   Except for Defendant's share of payroll taxes, the Named Plaintiff and each FLSA Collective Class Member shall be responsible for any tax liability, penalties and interest arising from the allocation of the FLSA Net Settlement Fund.  Class Counsel, the Named Plaintiff and the FLSA Collective Class

7

Members understand and agree that they have not relied upon any express or implied representation by Defendant or Defendant's employees, agents or attorneys concerning the tax implications of the FLSA Net Settlement Fund payments.

3.4     Class Counsel will supply Defendant's Counsel Seigfreid Bingham, P.C. (herein Defendant's Counsel") with a list of current addresses for Named Plaintiff and the FLSA Collective Members within ten (10) days of entry of the FLSA Approval Order.  Defendant will issue payments to the Named Plaintiff and all FLSA Collective Class Members within twenty (20) days of entry of the FLSA Approval Order by delivering to Defendant's Counsel the payments in the form of settlement checks which before tax deductions shall be in the amounts set forth in Exhibit B hereto with a Settlement Notice in the form attached hereto as Exhibit C.  Defendant's Counsel will, within seven (7) days of receiving said settlement checks, mail said checks to the Named Plaintiff and the FLSA Collective Class Members via United States First Class Mail postage prepaid.  Thirty (30) days after the mailing of checks, Defendant's Counsel will notify Class Counsel, via writing and electronic mail, if any of the letters containing the settlement checks of the Named Plaintiff or any FLSA Collective Class Member have been returned undelivered and request from Class Counsel an updated address for the persons to whom such returned letters were addressed, and Class Counsel shall promptly supply to Defense Counsel any updated addresses that Class Counsel can reasonably locate, and Defendant's counsel shall re-mail such settlement checks within seven (7) days of receipt of a new or updated address for the Named Plaintiff or any FLSA Collective Class Members. Any settlement funds remaining after 90 days from mailing by Defendant's Counsel, whether because of undeliverable address or not cashed for any other reason, and after a good faith attempt by class counsel to contact the FLSA Collective Class Member, will be retained by Defendant and not reallocated to other class members, and if the Named Plaintiff or any FLSA Collective Class Member has not cashed his/her settlement check for any reason within 90 days of mailing of the settlement checks by Defendant's Counsel, he/she shall be deemed to have waived his/her right to settlement proceeds, but shall be bound by the release provisions of the Settlement.

8

3.5    For her lunch break claim, Named Plaintiff Amanda Davis will receive from the FLSA Settlement Fund the sum of Fifty Dollars ($50.00) which is reflected in Exhibit B hereto.

3.6    Payments made under this Agreement are not intended to and will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's' bonus, pension, and retirement programs or 403(b) and/or 457 plans maintained by Released Parties, nor will such payments count as earnings or compensation with respect to, or be considered to apply to, or be applied for purposes of Defendant's bonus, pension, and retirement programs or 403(b) and/or 457 plans maintained by Released Parties.  Defendant retains the right, if necessary, to modify the language of its benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

## IV.    ATTORNEYS' FEES, LITIGATION COSTS AND EXPENSES

4.1    Subject to Court approval, Class Counsel will receive fees in the amount of $7,680 which is thirty-three percent (33%) of the FLSA Settlement Fund after reasonable expenses and costs of $10,290.00 have been deducted from the FLSA Settlement Fund and paid to Class Counsel.  This amount of $17,970 shall be subtracted from FLSA Settlement Fund.  Payment of the court approved fees, costs and expenses shall be made by Defendant within twenty (20) days of the FLSA Approval Date. Class Counsel shall provide tax payer identification numbers for Class Counsel and executed W-9 forms within five (5) days of the filing of this document.  This payment will be made via check or electronic fund transfers as follows:  $17,970 payable to Williams Dirks Dameron LLC to be shared by Williams Dirks Dameron LLC and The Hodgson Law Firm LLC. Class Counsel represents that no other attorneys or law firms have a right to any

9

payments from the FLSA Settlement Fund or to attorneys' fees from representing the Named Plaintiff or FLSA Collective Class Members in the Litigation.

4.2     Except for the fees, costs and other expenses set forth in this Section, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of this Litigation and will not seek reimbursement thereof from any party to this Agreement or the Released Parties.

## V.     **RELEASES**

5.1     Plaintiff's and FLSA Collective Class Members' Release.

(a)     The payments described above in sections 3 and 4 shall be in lieu of and discharge any obligations of Defendant for lost compensation, attorneys' fees, costs, injunctive, declaratory or other remedial relief, or any other expectation of remuneration or benefit on the part of the Named Plaintiff, Class Counsel, and/or FLSA Collective Class Members relating to the Litigation or the FLSA Released Claims. Named Plaintiff, for herself and on behalf of the FLSA Collective Class Members, agrees that she will not commence or prosecute, either as a group or individually, any action on behalf of herself or any other person, asserting claims against Defendant for any FLSA Released Claims, or claims that were or could have been asserted in the Litigation. The Parties agree that half of each payment made herein shall be attributable to liquidated damages.

(b)     By operation of the entry of the FLSA Approval Order, Named Plaintiff, for herself and on behalf of the FLSA Collective Class Members, and Class Counsel, forever and fully release all FLSA Released Claims, and the Named Plaintiff and all FLSA Collective Class Members shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all FLSA Released Claims for the FLSA Covered Period and any prior periods.

10

(c)     The Named Plaintiff and each FLSA Collective Class Member shall be deemed to have knowingly and voluntarily waived, released, discharged and dismissed the FLSA Released Claims, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

## VI.     DUTIES OF THE PARTIES TO OBTAIN COURT APPROVAL

6.1     The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Settlement.  This settlement is contingent upon court approval.  Defendant has provided to Class Counsel all information necessary to confirm the fairness of this Settlement and the equitable distribution of settlement amounts among class members.

6.2     The Parties will submit a Joint Motion for settlement approval on or before September 30, 2016.

6.3     The Parties will submit to the Court a proposed FLSA Approval Order in substantially the form attached hereto as Exhibit A.

## VII.    PARTIES' AUTHORITY

7.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2     All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of all counsel who have jointly prepared this Agreement.

11

## VIII.  **MUTUAL FULL COOPERATION**

8.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.    **CHOICE OF LAW**

9.1    The enforcement of this Agreement shall be governed and interpreted by and under Federal law and Missouri law.

## X.    **NO THIRD PARTY BENEFICIARIES**

10.1    This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking to any third party, which includes anyone who is not a signatory to this Agreement, the Named Plaintiff, an FLSA Collective Class Member or Class Counsel, as a beneficiary of this Agreement.

## XI.    **SETTLEMENT OF DISPUTES**

11.1 To the extent that the Court retains jurisdiction, all disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

## XII.   **NOTICES**

12.1 Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States first class mail postage prepaid, addressed as follows:

12

To the Named Plaintiff, FLSA Collective Class, or to any FLSA Collective Class member:

> Michael Hodgson
> The Hodgson Law Firm, LLC
> 3699 SW Pryor Road
> Lee's Summit, MO 64082
> Tel: 913-890-3529
> Fax: 816-945-2120
> Email: mike@thehodgsonlawfirm.com
> Eric Dirks
> Williams Dirks Dameron, LLC
> 1100 Main St., Suite 2600
> Kansas City, MO
> Tel: 816.876.2600
> Fax: 816-221-8763
> Email: dirks@williamsdirks.com

To the Defendant:

> John A. Vering
> Seigfreid Bingham PC
> 2323 Grand Blvd., Suite 1000
> Kansas City, MO 64108
> Tel: 816-421-4460
> Fax: 816-474-3447
> Email: jvering@sb-kc.com

## XIII. MODIFICATION

13.1 This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Named Plaintiff and Defendant, and approved by the Court.

## XIV. ENTIRE AGREEMENT

14.1 This Agreement, including its whereas clauses, its attachments, and the separate settlement and release agreements entered into by the Named Plaintiff and Defendant, constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.

13

In the event of any conflict between this Agreement and any other Settlement-related document, the Parties intend that this Agreement shall be controlling.

## XV.    CONTINUING JURISDICTION

15.1  To the extent that the Court retains jurisdiction, this Agreement shall be subject to the continuing jurisdiction of the United States District Court for the Western District of Missouri. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XVI.  COUNTERPARTS

16.1  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties, and facsimile and pdf copies shall be as valid as originals.

## XVII. VOIDING THE AGREEMENT

17.1     If this Agreement between the Parties does not receive full and final approval of the Court, and the Parties have exhausted their efforts at modifying this Agreement to obtain such approval, no payments shall be made by Defendant to anyone in accordance with the terms of this Agreement. In such case the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval and this Agreement shall be deemed null and void with no effect on the Litigation whatsoever.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

1077851v1

Dated: _9/30_, 2016     By: _Amanda Davis_
                              Amanda Davis – Class Representative

Dated: _9/30_, 2016     By: _[signature]_
                              Michael Hodgson
                              The Hodgson Law Firm, LLC
                              3699 SW Pryor Road
                              Lee's Summit, MO 64082
                              Tel: 913-890-3529
                              Fax: 816-945-2120
                              Email: mike@thehodgsonlawfirm.com
                              Counsel for Plaintiff and Class

Dated: _9/30_, 2016     By: _[signature]_
                              Eric Dirks
                              Williams Dirks Dameron, LLC
                              1100 Main St., Suite 2600
                              Kansas City, MO
                              Tel: 816.876.2600
                              Fax: 816-221-8763
                              Email: dirks@williamsdirks.com
                              Counsel for Plaintiff and Class

The Board of Trustees of North Kansas City Hospital

Dated: _____, 2016     By: _____
                                 Peggy Schmitt, President and CEO

Dated: _9-29_, 2016     By: _John A. Vering_
                              John A. Vering, Counsel for Defendant
                              The Board of Trustees of North Kansas City Hospital

15

1077851v1

Dated: _____, 2016          By: _____
                                           Amanda Davis – Class Representative

Dated: _____, 2016          By: _____
                                           Michael Hodgson
                                           The Hodgson Law Firm, LLC
                                           3699 SW Pryor Road
                                           Lee's Summit, MO 64082
                                           Tel: 913-890-3529
                                           Fax: 816-945-2120
                                           Email: mike@thehodgsonlawfirm.com
                                           Counsel for Plaintiff and Class

Dated: _____, 2016          By: _____
                                           Eric Dirks
                                           Williams Dirks Dameron, LLC
                                           1100 Main St., Suite 2600
                                           Kansas City, MO
                                           Tel:  816.876.2600
                                           Fax:  816-221-8763
                                           Email: dirks@williamsdirks.com
                                           Counsel for Plaintiff and Class


                                     The Board of Trustees of North Kansas City Hospital

Dated: September 30, 2016           By: _____
                                           Peggy Schmitt, President and CEO


Dated: 9-29, 2016                   By: _____
                                           John A. Vering, Counsel for Defendant
                                           The Board of Trustees of North Kansas City Hospital

1077851v1

**EXHIBIT "A"**

# IN IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **AMANDA DAVIS,** | ) | |
| On Behalf of Herself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 14-0625-CV-W- ODS |
| vs. | ) | |
| | ) | |
| **BOARD OF TRUSTEES OF** | ) | |
| **NORTH KANSAS CITY HOSPITAL** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DETERMINING GOOD FAITH AND
## GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS:

A.       On [*insert date of filing*], the named Plaintiff Amanda Davis, in the above-captioned action (the "Litigation"), individually and as FLSA Collective Class Representative, and Defendant the Board of Trustees of North Kansas City Hospital, by their respective counsel of record, executed and filed with this Court a Joint Motion for Approval of Settlement Agreement and Release ("Settlement");

B.       This Court has duly considered the submissions presented with respect to the Settlement addressing the collective class claims asserted in the Litigation under the Fair Labor Standards Act ("FLSA");

C.       All capitalized terms in this Order with respect to the Settlement addressing the FLSA Released Claims that are not otherwise defined have the same meaning as in the Settlement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Order ("FLSA Approval Order") will be binding on the Named Plaintiff and the FLSA Collective Class Members as defined in the Settlement.

2. The Settlement is fair, reasonable and adequate, is in the best interests of the Named Plaintiff and the FLSA Collective Class Members, and should be, and hereby is, approved in accordance with Section 216 of the Fair Labor Standards Act, especially in the light of the benefits to the Named Plaintiff and the FLSA Collective Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation and possible appeals.

3. Within twenty (20) days after entry of this Order, the Defendant shall deliver to Defendant's Counsel the settlement checks specified in the Settlement, and Defendant's Counsel shall within seven (7) days of receipt of said settlement checks, mail same along with the Notice of Settlement in the form attached to the Settlement as Exhibit C via United States First Class Mail postage prepaid to the Named Plaintiff and the FLSA Collective Class Members as specified in the Settlement at their last known addresses, which addresses are to be supplied by Class Counsel to Defendant's Counsel with ten (10) days of the entry of this Order.

4. This Litigation is hereby dismissed in its entirety, on the merits, as against the Board of Trustees of North Kansas City Hospital, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement. This Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

5. The Named Plaintiff and all FLSA Collective Class Members shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all FLSA Released Claims during and prior to the FLSA Covered Period.

6. Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses as set forth in the Settlement is hereby approved.

7.     Without affecting the finality of this FLSA Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order.  In addition, without affecting the finality of this FLSA Approval Order, this Court retains jurisdiction over Defendant, Named Plaintiff and each FLSA Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Settlement and this FLSA Approval Order.  Defendant, the Named Plaintiff, and each FLSA Class Member are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this FLSA Approval Order or the Settlement.

8.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

Dated this _____ day of _____, 2016          **SO ORDERED:**


_____
The Honorable Ortrie D. Smith
United States District Judge

**EXHIBIT "B"**

| Plaintiffs | Settlement Payment |
|---|---|
| ALCANTER, PETE | $60.00 |
| ALLEN, ELIZABETH | $80.00 |
| AMBRETTE, MATTHEW | $60.00 |
| ARGENAL, LEA | $60.00 |
| AUGARE, FRANCES | $200.00 |
| AUSTIN-ELLIS, STEPHANIE | $80.00 |
| AVILES, BRENDA | $80.00 |
| BALDWIN, DEB | $200.00 |
| BANTA, KATHERINE | $60.00 |
| BENING, TERI | $60.00 |
| BLACKLOCK, TAMMY | $60.00 |
| BLACKWELL, TAYLOR | $60.00 |
| BLYTH, JENNIFER | $60.00 |
| BOATENG, NANA | $200.00 |
| BOWMAN, RUSTY | $80.00 |
| BOWSER, CORRIE | $80.00 |
| BOYUKA, CYNTHYA | $60.00 |
| BRADFIELD, JENNIFER | $200.00 |
| BRUCE, F CHARLENE | $60.00 |
| BUCK, HEATHER | $60.00 |
| BURGER, STEPHANIE | $80.00 |
| BURNETT, KRIS | $200.00 |
| BURRIS, GLENNA | $60.00 |
| BURTON, MICK | $60.00 |
| CALVERT, STACIE | $80.00 |
| CAMPOS, LINDA | $80.00 |
| CANTU, MONICA | $60.00 |
| CHADWELL, ROBIN | $60.00 |
| CHANDLER, SHELLY | $60.00 |
| CHRISCO, RACHEL | $60.00 |
| CISTON, KATHY | $60.00 |
| COX, ROSE | $80.00 |
| CREASY, NIKKI | $60.00 |
| CROISANT, KATHY | $80.00 |
| DALEO, LORETTA | $80.00 |
| DARNALL, MALINA | $60.00 |
| DAVIS, AMANDA* | $200.00 |
| DELISIO, GEORGE | $80.00 |
| DOUGLAS, DANIELLE | $60.00 |
| DUISIK, CATHERINE | $60.00 |
| EBOSELE, ANDREW | $60.00 |
| EVERETT, RAE | $60.00 |
| FARRELL, JANA | $60.00 |
| FLOYD, DEBRA | $80.00 |

| Plaintiffs | Settlement Payment |
|---|---|
| FOWLER, CAROLYN | $80.00 |
| FREY, JILL | $200.00 |
| GEORGE, JULIA | $60.00 |
| GERICKE, TERA | $150.00 |
| GHIGLIOTTI, MATTHEW | $150.00 |
| GIBSON, SHANNON | $200.00 |
| GIBSON, TAMMY | $60.00 |
| GOSCHE, ERIC | $80.00 |
| GRIGGS-CROSS, JACQUELINE | $60.00 |
| GUGGENMOS, ERIN | $80.00 |
| HALL, DORY | $80.00 |
| HAMM, JEFFREY | $150.00 |
| HANWAY, ANNETTE | $60.00 |
| HARRIS, KAMARIA | $80.00 |
| HARTMANN, DONNA | $80.00 |
| HELMS, KATHY | $150.00 |
| HENKE, SYLVIA | $60.00 |
| HERNANDEZ, ELLEN | $60.00 |
| HICKS, ABBY | $200.00 |
| HIGGINS, STEPHANIE | $60.00 |
| HILL, BROOKE | $60.00 |
| HILL, TAMIKA | $60.00 |
| HOCKENBURY, LYNN | $150.00 |
| HOGAN, JUDY | $80.00 |
| HOOSE, KAELA | $60.00 |
| HOPPER, SANDRA | $80.00 |
| HUDSON, BETH | $60.00 |
| JACKSON, LUCINDA | $80.00 |
| JENNER, MICHELLE | $60.00 |
| JOHNSON, LANSA | $80.00 |
| JONES, PATTI | $150.00 |
| JORDAN, MICHELLE | $80.00 |
| JOSLIN, KRISTY | $60.00 |
| KAMMERER, MEGAN | $150.00 |
| KANE, LORI | $60.00 |
| KAREEM, EMAD | $60.00 |
| KEANE, KRISTIN | $80.00 |
| KEENAN, EMILY | $80.00 |
| KETTLER, TAMARA | $80.00 |
| KITHOME-KITONYI, CAROLLE | $60.00 |
| KITTRELL, GLORIA | $150.00 |
| KREISEL, ERIN | $60.00 |
| KURTZ, EBONY | $60.00 |
| LING, LIBBY | $60.00 |

Exhibit B - 2

| Plaintiffs | Settlement Payment |
|---|---|
| MAJORS, KATHRYN | $200.00 |
| MANLEY, APRIL | $80.00 |
| MASON, JANE | $60.00 |
| MASTERS, KAYLEA | $80.00 |
| MATTHEWS, SHANNON | $60.00 |
| MAURIN, JOHN | $200.00 |
| MCCULLOCH, THOMAS | $150.00 |
| MCDEVITT, CHERYL | $60.00 |
| McGEE, MICHAEL | $200.00 |
| MCGINNIS, CHRISTINA | $60.00 |
| MCKAMIE, KIMBERLY | $80.00 |
| MILES, NICHOLE | $150.00 |
| MILLER, BELINDA | $80.00 |
| MOON, DEBBI | $200.00 |
| MURPHY, PEGGY | $60.00 |
| MURRAY, ELIZABETH | $60.00 |
| NEWBERRY, BRANDI | $200.00 |
| NICKEL, SHERRY | $150.00 |
| NIXON, RICHARD | $80.00 |
| NOLTING, MELANIE | $200.00 |
| OLABODE-OGUNTUASE, COMFORT | $80.00 |
| OLEARY, CHRISTOPHER | $60.00 |
| PARNELL, JULIE | $60.00 |
| PARSON, JAMIE | $80.00 |
| PATRICK, WILLIAM | $60.00 |
| PENCE, AUSTIN | $80.00 |
| PENCE, RHODA | $80.00 |
| PHILLIPS, LISA | $150.00 |
| PLETCHER, KIMBERLY | $200.00 |
| PLOTT, MINDI | $80.00 |
| PORETTA, MARY | $60.00 |
| PRATER, JULIE | $60.00 |
| QUALLS, DEENA | $60.00 |
| REICHART, CHRISTINE | $60.00 |
| REYNOLDS, LYNDA | $80.00 |
| RICHMOND, ROBIN | $80.00 |
| RIDDLE, KATHRYN | $200.00 |
| ROBBINS, CHRISTINE | $60.00 |
| ROGERS, CHRISTOPHER | $200.00 |
| ROGERS, JILL | $150.00 |
| ROSSER, DENISE | $60.00 |
| RYAN, KENYA | $60.00 |
| RYAN-OSBORN, NEILA | $60.00 |
| SAATHOFF, LARITA | $200.00 |

| Plaintiffs | Settlement Payment |
|---|---|
| SAIGHMAN, JILL | $60.00 |
| SAWYER, MARY | $60.00 |
| SAYLES, DENISE | $80.00 |
| SCHROEDER, MARY | $60.00 |
| SCHWORER, KATHY | $60.00 |
| SHIELDS, LEZLIE | $80.00 |
| SIMMONS, NIKKI | $60.00 |
| SMITH, ALECIA | $80.00 |
| SMITH, BROOKE | $60.00 |
| SMITH, LORING | $60.00 |
| STEWART, TERESA | $80.00 |
| STRICKLAND, TERRY | $60.00 |
| STUBBS, PAMELA | $80.00 |
| SUKRA, DELANA | $60.00 |
| SUTHERLAND, JAMES | $60.00 |
| TENNEY, ROBYN | $60.00 |
| TOMES, TAMARA | $200.00 |
| THOMAS, TERESA | $60.00 |
| TUCKER, SAMANTHA | $60.00 |
| VITUG, ARLENE | $150.00 |
| VOLCEK, CONSTANCE | $60.00 |
| VULGAMORE, HEIDI | $150.00 |
| WAKE, SANDRA | $60.00 |
| WALKER, DALE | $200.00 |
| WARD, MELODY | $60.00 |
| WARNER, MIKE | $200.00 |
| WASHINGTON, VERNON | $60.00 |
| WATERS, DAVID | $60.00 |
| WATKINS, ELENA | $60.00 |
| WILLIAMS, STACI | $60.00 |
| WILLIAMS-REYNOLDS, RHONDA | $60.00 |
| WILLIS, JESSICA | $80.00 |
| WITT-MOSBY, TAMMY | $60.00 |
| WOOD, SUZANNE | $60.00 |
| WRIGHT, EMILEE | $60.00 |
| WRIGHT, SHANA | $80.00 |
| WYATT, CHERI | $60.00 |
| | |

Grand Total                                   $15,490.00

* Amanda Davis payment includes $50 for lunch break claim

**EXHIBIT "C"**

Amanda Davis, on Behalf of Herself and All Others Similarly Situated, vs. The Board of Trustees of North Kansas City Hospital

Case No.: 4:14-CV-625-ODS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

## COLLECTIVE ACTION SETTLEMENT NOTICE

**You have received this Notice that the Collective Action that you consented to join against the Board of Trustees of North Kansas City Hospital has reached a settlement that was approved by the Court.**

| 1. Why did I get this notice? |
| --- |

You were sent this Notice because you consented to join the collective (or class) action lawsuit listed above (the "Lawsuit") that was brought against the Board of Trustees of North Kansas City Hospital ("NKCH") for alleged unpaid wages and overtime.

You have already signed a consent to join the Lawsuit form that was filed with the Court. In that form, you authorized the class representative, Amanda Davis ("Named Plaintiff"), and attorneys for the Named Plaintiff ("Class Counsel" or "Collective Class Counsel") as your agents to prosecute this Lawsuit on your behalf and to negotiate a settlement of any and all compensation claims against NKCH.

This notice is to inform you that a settlement agreement was reached and approved by the Court on _____, 2016.

| 2. Does the settlement mean that NKCH violated the law? |
| --- |

No. NKCH believes that its policies are legal and appropriate. NKCH denies that it has violated the Fair Labor Standards Act ("FLSA") or any other law. To the contrary, NKCH believes that at all times its pay practices complied with the FLSA and all other legal requirements and that its employees were paid properly. In addition, the Court did not find that NKCH violated any laws relating to the payment of employee wages.

| 3. How did the parties decide to reach a settlement? |
| --- |

The Named Plaintiff and NKCH agreed to settle the Lawsuit. By this agreement, they avoid the costs and uncertainty of a trial. Counsel for NKCH and Class Counsel negotiated the terms of the settlement described in this Notice. Named Plaintiff's lawyers (the Class Counsel) believe that the proposed settlement is fair and reasonable and in the best interests of the FLSA Collective Class Members because the settlement creates a settlement fund and avoids the considerable risk and delay involved in continuing the Lawsuit and possible appeals. From the perspective of NKCH, settling now means that it does not have to keep spending money, time and effort on the Lawsuit and can devote those resources to its business and healthcare purposes.

1072737v1

1

| 4. | What does a settlement provide and how much will I be paid? |
|---|---|

NKCH has agreed to pay a total of $33,500 into a Settlement Fund to settle this Lawsuit as to the Named Plaintiff and the 168 persons who joined the Lawsuit and will be paid under this settlement ("FLSA Collective Class Members"). From this total amount, $10,290 was deducted to cover expenses and costs of Class Counsel, and an additional $7,680, representing 33 percent of the Settlement Fund after payment of expenses, is being paid to Class Counsel as attorneys' fees. That leaves a net settlement sum payable to the Named Plaintiff and the FLSA Collective Class Members of $15,490.

During the course of the litigation, the parties engaged in an extensive review of time and payroll records for each person that joined the lawsuit. Your share of the Settlement Fund was calculated based on an estimate of your potential damages if the Lawsuit on your behalf would have been successful, taking into account your wage rate, the number of weeks of overtime, if any, you worked, and whether or not you benefited from NKCH's rounding of your time or potentially suffered a detriment from the rounding of your time. Settlement payments range from $60 per individual who joined the Lawsuit to $200 per individual who joined the Lawsuit. This settlement payment is not an admission of liability and does not indicate that you or any individual had any actual damages in this matter. Under this formula, your apportionment of the Settlement Fund is $_____. Half of this amount will be paid as lost wages, subject to appropriate withholding, and be reported on a W-2 Form, and the other half will be paid as liquidated damages and will be reported on a 1099 Form.

Class Counsel and NKCH cannot provide you with tax advice, so if you have a question regarding any payment you receive you should consult your tax professional.

| 5. | What must I do to receive payment? |
|---|---|

Nothing. Your settlement checks are enclosed with this Notice. However, you must cash your settlement checks within ninety (90) days of the date they are mailed to you or you will be deemed to have waived your right to settlement proceeds, but shall be bound by the release provisions of the settlement.

| 6. | What claims am I releasing? |
|---|---|

By authorizing the Named Plaintiff to represent you and to negotiate on your behalf, you have agreed to this settlement. Pursuant to this settlement, you agree that you have waived and released the Released Parties from all FLSA Released Claims as defined in the Settlement Agreement and this Notice in this matter. In sum, you have released any and all claims alleging illegal rounding of time by the NKCH through the date of settlement approval.

"FLSA Released Claims" means any and all rounding claims, including but not limited to all wage and hour, wage payment, and/or overtime claims, damages, causes of action, or remedies of any kind or nature, which an FLSA Collective Class Member or the Named Plaintiff may have against any of the Released Parties, whether based on statute, regulation, ordinance or common

1072737v1

law, whether known or unknown, either direct or indirect, special, punitive, consequential, and whether contingent, liquidated, or unliquidated, resulting from or relating to any rounding of time recorded in Defendant's payroll and/or timekeeping systems during the FLSA Covered Period under federal, state and/or local law, statute, ordinance, or regulation, including but not limited to the Fair Labor Standards Act, state wage payment laws including the Missouri Minimum Wage Act, Mo. Rev. Stat. § 290.500 *et seq.* and/or claims under common law including but not limited to claims for breach of contract, unjust enrichment, quantum meruit and/or money had and received for the FLSA Covered Period and for any time periods prior to the FLSA Covered Period. FLSA Released Claims include claims for unpaid wages, unpaid overtime, minimum wages, premium pay, straight time pay, gap pay, liquidated damages, and damages for alleged willful violations of federal, state and local laws, statutes, ordinances, regulations and common law, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs and expenses of this action and injunctive and declaratory relief, and include all claims of the Named Plaintiff and all rounding claims of the FLSA Collective Class Members that were certified to proceed as a collective (or class) action.

"Released Parties" means the Board of Trustees of North Kansas City Hospital, North Kansas City Hospital, and the City of North Kansas City, Missouri, and all of their current and former subsidiaries and affiliated entities, officers, officials, board members, directors, agents, employees, representatives, insurers, consultants, and attorneys and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation.

| 7. | Who Should I Contact for More information? |

You have already agreed to, and the Court has designated, Michael Hodgson of The Hodgson Law Firm, LLC and Eric Dirks of the Williams Dirks Dameron, LLC Law Firm as Collective Class Counsel to represent you and the other FLSA Collective Class Members. You can contact them as follows:

Michael Hodgson
The Hodgson Law Firm, LLC
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 913.890.3529
Fax: 816-945-2120
Email: mike@thehodgsonlawfirm.com

Eric Dirks
Williams Dirks Dameron, LLC
1100 Main St., Suite 2600
Kansas City, MO
Tel: 816.876.2600
Fax: 816-221-8763
Email: dirks@williamsdirks.com