IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMANDA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0625-CV-W-ODS |
| ) | |
| THE BOARD OF TRUSTEES OF ) | |
| NORTH KANSAS CITY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING PARTIES' JOINT MOTION
TO APPROVE SETTLEMENT AGREEMENT AND RELEASE, (2) APPROVING
SETTLEMENT, AND (3) DISMISSING MATTER WITH PREJUDICE

Pending is the parties' Joint Motion to Approve Settlement Agreement. Doc. #122. As set forth below, the motion is granted, and the parties' settlement is approved.

The parties have requested court-sanctioned approval of their settlement agreement because Plaintiff's claims and the claims of 168 others who joined this lawsuit are based upon alleged unpaid wages arising under the Fair Labor Standards Act ("FLSA"). A valid settlement of an FLSA claim requires Secretary of Labor or court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982) (citing 29 U.S.C. § 216(c)). To approve an FLSA settlement under 29 U.S.C. § 216(b), "the Court must find that (1) the litigation involves a bona fide wage and hour dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees." *Hill v. World Wide Tech. Holding Co.,* No. 11–CV–2108–AGF, 2012 WL 5285927, at *1 (E.D. Mo. Oct. 25, 2012) (citation omitted). The Court has considered the parties' motion (Doc. #122) as well as the Settlement Agreement and Release ("Settlement") (Doc. #122-1). The Court finds the Settlement is fair, reasonable and adequate, is in the best interests of the Named Plaintiff and the FLSA Collective Class Members, and is approved in accordance with the FLSA.

The Court further orders:

1. All capitalized terms in this Order with respect to the Settlement that are not otherwise defined have the same meaning as in the Settlement.

2. This Order ("FLSA Approval Order") will be binding on the Named Plaintiff, the FLSA Collective Class Members, and Defendant.

3. Within twenty days after entry of this Order, Defendant shall deliver to Defendant's Counsel the settlement checks specified in the Settlement, and Defendant's Counsel shall within seven days of receipt of said settlement checks mail same along with the Notice of Settlement in the form attached to the Settlement as Exhibit C via United States First Class Mail postage prepaid to the Named Plaintiff and the FLSA Collective Class Members as specified in the Settlement at their last known addresses, which addresses are to be supplied by Class Counsel to Defendant's Counsel with ten days of the entry of this Order.

4. This matter is dismissed in its entirety as against the Board of Trustees of North Kansas City Hospital with prejudice and without costs to any party, except as otherwise provided in the Settlement. The Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

5. The Named Plaintiff and all FLSA Collective Class Members shall be barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all FLSA Released Claims during and prior to the FLSA Covered Period.

6. Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses as set forth in the Settlement is hereby approved.

7. Without affecting the finality of this FLSA Approval Order, the Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order. In addition, without affecting the finality of this FLSA Approval Order, the Court retains jurisdiction over Defendant, Named Plaintiff and each FLSA Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate

for the construction and implementation of the terms of the Settlement and this FLSA Approval Order.

IT IS SO ORDERED.

                                                          /s/ Ortrie D. Smith
                                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 4, 2016                        UNITED STATES DISTRICT COURT